# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 21, 2000

## STATE OF TENNESSEE v. JOHN ROY POLLY

**Direct Appeal from the Circuit Court for Marshall County**
**No. 13700      William Charles Lee, Trial Judge**

_____

**No. M1999-00278-CCA-R3-CD - Filed October 27, 2000**
_____

In this direct appeal, the defendant argues that he was incorrectly sentenced as a "persistent offender." We agree that the twenty-four hour merger rule bars use of one of his previous convictions and therefore reverse and remand for resentencing as a "multiple offender" within Range II.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded for Resentencing**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, John Roy Polly.

Paul G. Summers, Attorney General & Reporter; Todd R. Kelley, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. (Eddie) Barnard, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, John Roy Polly, appeals his sentence imposed after a jury trial in Marshall County. Convicted of Count I aggravated burglary and Count II attempt to commit rape, both Class C felonies, the defendant received fifteen-year sentences, to be served concurrently with each other but consecutively to a prior unrelated sentence. He now complains that these sentences were in error, as, he argues, the trial court improperly classified him as a "persistent offender." Accordingly, he asks this Court to reduce his sentence. After careful review, we agree that the defendant was sentenced as a "persistent offender" in error. We remand for resentencing as a Range II "multiple offender" with a sentencing range between six and ten years for each count.

## Facts

As the defendant's only issue involves a sentencing matter, we provide here only a brief outline of the facts. On June 8, 1998, the defendant approached the victim's house and asked to use the telephone. As the victim handed the phone to the defendant, who was standing outside, the defendant pushed the door open and grabbed the victim. The defendant continued to assault the victim, and as they were struggling, the defendant stated that he intended to rape the victim. Fortunately, the victim managed to escape by striking the defendant with the phone.

The defendant was arrested, charged, and ultimately found guilty by a jury of Count One aggravated burglary and Count Two attempted rape. Thereafter, the trial court conducted a sentencing hearing and sentenced the defendant as a "career offender" to two concurrent fifteen-year terms to be served consecutive to an unrelated sentence. The trial court simultaneously attempted to fashion an alternate sentence in the event the Court of Criminal Appeals disagreed with the "career offender" determination. In the alternate sentence the trial court stated that if the defendant was determined to be a Range III "persistent offender," then it would sentence the defendant to twelve years on the burglary conviction and eleven years on the attempted rape conviction to be served consecutive with each other and consecutive to the unrelated sentence.

The defendant then filed a motion for a new trial and requested, among other things, that the defendant was improperly sentenced as a "career offender" rather than a Range II "multiple offender." After a hearing on the motion for a new trial, the trial court agreed that it originally sentenced the defendant as a "career offender" improperly. The trial court acknowledged and attempted to correct this error by entering an order. That order classified the defendant as a "persistent offender" within Range III and sentenced him to fifteen years on each count concurrent with each other. This pronouncement by the trial court clearly abandoned its earlier proclaimed alternate sentence.

## Analysis

The defendant's sole argument is that he was improperly classified and sentenced as a "persistent offender." Specifically, relying on Tenn. Code Ann. § 40-35-107(b)(4), he argues that his seven forgery convictions should only count as three prior felonies for sentencing purposes and therefore, that his "persistent offender" designation was in error. After careful review, we agree with the defendant and remand for resentencing.

At sentencing, the court first determines the appropriate offender status based upon a defendant's prior felony record. See Tenn. Code Ann. § 40-35-104. Submission of certified copies of the defendant's prior convictions is prima facie evidence of the defendant's prior felony record. See Tenn. Code Ann. § 40-35-202(a). After determination of the appropriate status, the court then applies the appropriate range to determine the minimum and maximum of the sentence available. See Tenn. Code Ann. §§ 40-35-104 to -108. A "multiple offender" is sentenced within Range II, a "persistent offender" within Range III, and a "career offender"

receives the maximum sentence within Range III. See Tenn. Code Ann. § 40-35-106, -107, -108.

In this case, the State filed, first, a notice of intent to seek enhanced punishment and, second, an amended notice of intent to seek enhanced punishment. After the jury convicted the defendant, the State followed through on this intent and argued at the sentencing hearing that the defendant qualified as a "career offender." In support, the State introduced certified judgments confirming that the defendant had been convicted of:
    (1) Theft, Case #6917, Maury County, Offense date 07-18-91;
    (2) Forgery, Case # 11843, Count 14, Marshall County, Offense date 11-9-92;
    (3) Forgery, Case # 11843, Count 4, Marshall County, Offense date 11-10-92;
    (4) Forgery, Case 11843, Count 8, Marshall County, Offense date 11-10-92;
    (5) Forgery, Case #11843, Count 10, Marshall County, Offense date 11-10-92;
    (6) Forgery, Case # 11843, Count 12, Marshall County, Offense date 11-10-92;
    (7) Forgery, Case #11843, Count 6, Marshall County, Offense date 11-11-92; and
    (8) Forgery, Case #11843, Count 2, Marshall County, Offense date 11-18-92.
All eight convictions were Class E felonies.

In response, the defendant testified that the checks forged on 11-9-92, 11-10-92, and 11-11-92 were all passed in "about forty-eight hours," "in the same general vicinity," and were all checks stolen from his grandfather. On cross-examination, the State inquired further into the prior forgery convictions, especially the convictions involving checks passed on 11-9-92, 11-10-92, and 11-11-92. Through this questioning, the State established that each of these checks were passed at different stores, each approximately two miles from each other, and on "three different days."

The trial court considered this testimony, heard argument from counsel, and then concluded that while certain convictions for the forged checks may well have occurred within twenty-four hours of each other and while the offenses committed on 11-9-92, 11-10-92, and 11-11-92 may have occurred all within forty-eight hours of each other, all of those convictions should count, for sentencing purposes, as separate convictions. The trial court reasoned that § 40-35-107(b)(4) explicitly requires not only that the merged conviction occur within twenty-four hours but also that the conviction be part of a "single course of conduct," and that the defendant's convictions did not constitute such.

While we agree with the trial court that § 40-35-107(b)(4) certainly requires that the conviction or convictions be part of a "single course of conduct," we cannot agree with its subsequent conclusion that the defendant's forgery convictions on 11-9, 11-10, and 11-11 do not so qualify. Instead, we note several commonalities in the crimes which would tend to support the conclusion that the various forgeries were, in fact, all part of one continuing course of conduct:
    (1) all the checks were obtained from the same source;
    (2) all the checks were passed in the same manner;
    (3) all the checks were passed at similar locations; and
    (4) all the checks were passed within a four square mile area.

Therefore, this Court, given the uncontroverted testimony of the defendant that these three defenses occurred within forty-eight hours of each other, concludes that one of these offenses is barred by the twenty-four hour merger rule. Thus, by our analysis, the defendant, for sentencing purposes, has four prior felonies:

    (1) Theft on 7-18-91;
    (2) Forgery on 11-9-92;
    (3) Forgery on 11-11-92; and
    (4) Forgery 11-18-92.

And, thus, the defendant is a "multiple offender" and should receive a sentence within Range II.

While we come to this conclusion and must reverse the defendant's sentencing, we do acknowledge both the trial court's reasoning and the State's appellate argument. First, the trial court was correct in asking whether or not the various forgery convictions constituted a "single course of conduct." Indeed, such is a requirement for application of the twenty-four hour merger rule. However, consistent with State v. Horton, 880 S.W.2d 732 (Tenn. Crim. App. 1994), we conclude that these forgeries, while each a separate criminal offense, were nevertheless part of a "single course of conduct" for sentencing purposes. Second, we acknowledge the proposition argued by the State and cited in State v. Birchfield, No. 03C01-9701-CR-00025 (Tenn. Crim. App. filed Jan. 6, 1998, at Knoxville), that instances like this one, where the defendant seeks the application of the twenty-four hour rule and the relevant convictions occur on different days, it is the defendant's responsibility to demonstrate that the two offenses occurred within twenty-four hours of each other. In this case, proof of that fact is not overwhelming. The defendant did not testify to the exact times he passed the checks; instead, he simply testified that the three offenses all occurred with "forty-eight hours of each other." This proof is minimal; however, it is also, the only proof. The State did not attempt to rebut this statement or otherwise impeach the defendant's estimation nor did the trial court make any findings of fact in this regard. Therefore, standing alone and unassailed, this testimony is sufficient to establish, as required by Birchfield, the "timing" of the offenses.

## Conclusion

For these reasons, we reverse the sentences as imposed by the trial court and remand for further proceedings consistent with this opinion.

                                                      _____
                                                      JOHN EVERETT WILLIAMS, JUDGE